Hon. Brian J. Wing Formal Opinion Commissioner, New York State No. 2002-F4 Office of Temporary and Disability Assistance 40 North Pearl Street Albany, N.Y. 12243
Dear Commissioner Wing:
Your Deputy General Counsel has inquired whether the Office of Temporary and Disability Assistance (OTDA) is authorized to reimburse one of its hearing officers for legal fees incurred in responding to a complaint filed with the Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department. In responding to the complaint, the hearing officer hired a private attorney.[1]
In a telephone conversation between a member of our staff and Russell Hanks, OTDA Deputy General Counsel for the Office of Administrative Hearings, to clarify his request for an opinion, Mr. Hanks indicated that hearing officers for the OTDA are currently all employees, as opposed to independent contractors.
Sections 17 and 19 of the Public Officers Law provide authority for defense of an employee of the State. For purposes of both provisions, "employee" is in relevant part defined as any person holding a position by election, appointment or employment in the service of the state, whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but does not include an independent contractor. Public Officers Law §§ 17(1)(a), 19(1)(a). Under section 17, upon compliance by the employee with certain specified procedural requirements,
 the [S]tate shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties . . . . This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the [S]tate.
§ 17(2)(a). Section 17(3)(a) provides for indemnification in the amount of any judgment obtained against the employee in any state or federal court or in the amount of any settlement of a claim, if the act or omission from which the judgment or settlement arose occurred while the employee was acting within the scope of his employment and not from the employee's intentional wrongdoing.
Section 19 of the Public Officers Law requires the State to reimburse an employee for reasonable attorneys' fees and litigation expenses incurred by the employee in his defense of a criminal proceeding in a state or federal court arising out of any act which occurred while the employee was acting within the scope of his public employment or duties, upon his acquittal or the dismissal of criminal charges against him. Public Officers Law §19(2)(a). Also, the State is required to reimburse reasonable attorneys' fees incurred by an employee in connection with an appearance before a grand jury which returns no indictment against the employee, where the appearance resulted from actions occurring while the employee was acting within the scope of his public employment or duties. Id.
By its express terms, section 17 does not authorize reimbursement of fees incurred responding to a disciplinary complaint. The initial investigation of the complaint by the Disciplinary Committee for the Appellate Division, First Department did not constitute a "civil . . . proceeding in any state . . . court," Public Officers Law § 17(2)(a).[2] The Disciplinary Committee is charged with investigating and prosecuting matters involving alleged misconduct by attorneys. 22 NYCRR § 603.4(a)(1). Investigation by the Committee may be commenced upon receipt of a specific complaint by the Committee; while the complaint must be signed by the complainant, it need not be verified before it is filed with the Committee. 22 NYCRR § 603.4(c). Only after investigation of the complaint and determination that filing a petition against an attorney is appropriate must the Committee commence disciplinary proceedings in the Appellate Division, First Department. 22 NYCRR § 603.4(d). Because the initial investigation and review of the complaint is conducted by the Disciplinary Committee before a petition is brought before the court, section 17 does not authorize reimbursement of costs incurred by an employee during this initial phase of the process.
Likewise, while section 19 provides for reimbursement of defense costs in "any criminal proceeding in a state or federal court" or in connection with an appearance before a grand jury,id., § 19(2)(a), a disciplinary proceeding is not a criminal proceeding, nor does it involve a grand jury.
Furthermore, we are not aware of any case law interpreting sections 17 and 19 as extending to authorizing reimbursement of fees incurred by an employee in defending himself in a disciplinary proceeding. In a prior opinion, we found that these same statutes provided no authorization for the Department of Transportation to reimburse an employee for legal fees incurred in another type of administrative proceeding, specifically a hearing before the Department of Motor Vehicles to determine the right of the employee to retain his driver's license. See Op. Atty. Gen. No. 97-F9 (1997).
We conclude that Public Officers Law sections 17 and 19 do not authorize reimbursement to an employee for legal fees incurred by hiring a private attorney to respond to a complaint filed with the Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] This opinion is limited to the issue of reimbursement for private attorneys under Public Officers Law sections 17 and 19, and does not discuss the extent to which State agency employees may, as part of their official duties, respond to disciplinary complaints filed against agency attorneys.
[2] Although that investigation might have resulted in the Committee filing a petition against your employee in the Appellate Division, see 22 NYCRR § 603.4(d), such a proceeding would most likely be viewed as one brought "by or on behalf of the [S]tate," Public Officers Law § 17(2)(a), and hence would have been expressly exempt from eligibility for reimbursement of attorneys' fees under section 17.